IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Calvin Gilchrist, Beverly Gilchrist,<br><br>Plaintiffs,<br><br>vs.<br><br>Judy Rowland, Albert L. Tanks, Josheph Hunsberger, Gladys Mealing Mason,<br><br>Defendants. | C/A No. 8:21-cv-02700-DCC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action field by two non-prisoners, proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiffs' complaint was entered on the docket on August 20, 2021 (doc. 1). By order dated September 7, 2021, the plaintiffs were given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process, including paperwork required to effect service of process and documents regarding payment of the filing fee (doc. 7). The plaintiffs were warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The order also instructed the plaintiffs to notify the clerk in writing of any change of address and warned that failure to keep their address updated with the court may lead to dismissal of the case (*id*. at 2–3). The plaintiffs did not respond to the order, so on October 7, 2021, a second order was issued informing the plaintiffs that their case was not in proper form for service, and providing instructions for bringing their case into proper form (doc. 10). The plaintiffs were informed for a second

time that their failure to bring the case into proper form could subject their case to dismissal for failure to prosecute and failure to comply with an order of the court (*id*. at 1). The order also reminded the plaintiffs to notify the clerk in writing of any change of address and warned that failure to keep their address updated with the court may lead to dismissal of the case (*id*. at 2–3). Despite the opportunities outlined above, the plaintiffs have not brought their case into proper form for judicial screening.

**APPLICABLE LAW & ANALYSIS**

The plaintiffs filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As *pro se* litigants, the plaintiffs' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack

of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiffs;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiffs in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite two opportunities, the plaintiffs have failed to bring their case into proper form. In doing so, they have failed to comply with the court's orders of September 7, 2021, and October 7, 2021, which instructed the plaintiffs to provide specific documentation to the court so that the case may be screened as required by 28 U.S.C. § 1915, and so the United States Marshal Service could attempt service of process (docs.7; 10). Each order warned the plaintiffs of the consequences of failing to comply with the orders' instructions, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (docs. 7 at 1; 10 at 1). Despite these warnings, the plaintiffs have not provided the court with the required documentation. Accordingly, as the plaintiffs have failed to comply with the court's orders and have been previously warned that such failures could result in dismissal, the undersigned recommends that the instant action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the court.

**RECOMMENDATION**

In light of the plaintiffs' failure to bring their case into proper form, the undersigned recommends that the court decline to automatically give them leave to amend the complaint. Accordingly, based upon the foregoing, the Court recommends that the

District Court dismiss this action without prejudice and without issuance and service of process. **The plaintiffs' attention is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

October 27, 2021
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).